Messrs. *John B. Davis*, of Boston, *Solomon S. Whipple*, of Salem, *Joel Hayes, Jr.*, of South Hadley, *Francis Perkins*, of Fitchburg, *Thomas A. Greene*, of New Bedford.

### ATTLEBOROUGH.

Three members being returned, and the selectmen having certified in the return, that two of them were duly elected, and, in relation to the third, a statement of facts, upon which they referred to the house the question whether such member was duly elected, the house thereupon instituted an inquiry into the validity of the election. Question whether votes for persons, not eligible as representatives, can be considered and counted as votes, in determining the whole number cast.

THE return from the town of Attleborough certified, that two of the members returned were duly elected, and, in relation to the third contained a statement of facts, upon which the selectmen of said town referred the question, whether Israel Hatch, the member thus returned, was duly elected or not, to the determination of the house.

The committee on elections, to whom the return was committed,[1] at the May session, made the following report thereon,[2] at the ensuing January session : —

" That at a meeting legally held for the choice of representatives, in the town of Attleborough, on the 5th day of May last, it was voted to send three representatives ; that said representatives were balloted for separately ; that, at the first two ballotings, the two members returned from said town appear to have been duly elected ; that eight several ballotings were had for the choice of the third representative, at each and all of which the selectmen present and presiding declared, that there was no choice ; and that, after these eight ballotings had been thus completed, the meeting was duly adjourned to the 10th day of May last, when it was, in legal town-meeting, voted to reconsider the vote to send three representatives, and to send but two, and the meeting was then dissolved. At each of the aforesaid eight ballotings, the sitting member, Israel Hatch, Esq, had a plurality of the votes given in. The certificate of the selectmen, by him presented, states this fact, and concludes, conditionally, in the following words : —

' If the votes for David Pidge, Lydia Jones, Hannah Pidge, Mary Lathrop, and Redmond Clafflin ought not to be counted, on the ground of their ineligibility to the office of representative, then was the said Israel Hatch, Esq., elected as the third representative to represent said town as aforesaid.'

The committee ascertained, that the entire rejection of the votes for Lydia Jones, Hannah Pidge, Mary Lathrop, and Redmond Claflin, would not, at any one balloting, affect the result. After a patient investigation, protracted, at the repeated request of the sitting member, a yet further continuance was granted, to give him an opportunity to produce evidence, that he had a majority of the legal votes, at any one balloting ; but the only evidence to this effect, by him produced, was the deposition of one Benjamin C. Richardson, which, in the opinion of the committee, is not entitled to credit. As to the eligibility of David Pidge, the committee

[1] 49 J. H. 34, 41, 80.      [2] Same, 193.

found the evidence to be, that he had the constitutional quali-
fications, as to property and residence; but that he had been
convicted of larceny, and had never received the executive
pardon. The committee were of but one opinion, as to the
conduct of those voters, who could so trifle with the elective
franchise; but, as the votes, thus given, appear to have been
given by legal voters, and as it therefore appeared, that, at no
one of the eight ballotings, did Israel Hatch, Esq., have a ma-
jority of all the legal voters, voting for representatives for the
town of Attleborough, the committee were unanimously of
opinion, that said Israel Hatch, Esq., was not duly elected a
member of this house, according to the constitution and laws
of this commonwealth; and they report accordingly, that he is
not returned a member of this house, to the acceptance there-
of; and that he is not entitled to his seat in the same."

The report was recommitted,[1] and on the thirteenth of Feb-
ruary, the committee reported,[2] that they had again, at three
several sessions, heard the parties and examined the various
proofs and allegations adduced by the sitting member, and
other persons interested in his case, and had found no reason
to change their former report, which they therefore reported
without amendment.

The report was placed among the orders of the day, and on
the sixteenth of February was agreed to.[3]

A resolve, providing for the pay of Mr. Hatch, was after-
wards introduced and rejected by the house.[4]

[1] 49 J. H. 214.    [2] Same, 279.    [3] Same, 293.    [4] Same, 392.

# 1829—1830.

### COMMITTEE ON ELECTIONS.

Messrs. *James C. Merrill*, of Boston, *Elisha Hubbard, Jr.*, of
Williamsburg, *Samuel Burr*, of Concord, *Solomon Lincoln,
Jr.*, of Hingham, *Gayton P. Osgood*, of Andover.